PETITIONS.
I do not agree with the Commissioner of Public Schools, that no law excludes the children of the petitioners from the public school of the district in which they and their parents reside; not indeed by express words, but by plain, if not by necessary implication.
The General Assembly has performed the duty, charged upon that body by the twelfth article of the constitution, to diffuse knowledge and virtue amongst the people of the State by the promotion of public schools, not only by wisely providing by law for the organization and government of such schools, but by an annual appropriation for their support of a large sum of money, by far the greater part of which is, by law, to be distributed amongst the several towns of the State "in proportion to the number of children therein, under the age of fifteen years, according to the census of the United States then last preceding," and the remainder, "in proportion to the number of school districts in each town, corporate or otherwise," on condition, that to receive its proportion of the greater sum, a town must raise, by tax, for the support of its public schools, a sum equal to one-half of such proportion. Rev. Stat. Ch. 59, §§ 1, 2 and 4. The whole sum appropriated by the State is, by law, denominated "teachers' money," and is to be exclusively applied to the wages of teachers. Ib. § 3. The public school of district No. 5, in the town of Charlestown is, in common with the other like schools *Page 599 
of that and other towns in the State, supported, in the main, by this appropriation, and out of a limited rate bill, "to be paid by the persons attending school, or by their parents, employers or guardians, towards the expense of fuel, books, and other expenses, including estimated deficiencies of payments." Rev. Stats. Ch. 64, §§ 9 and 10.
In further performance of this constitutional duty, the General Assembly has, in addition to the district schools in Charlestown, thus provided for, established by law there an Indian school, for the education of the members of the Narragansett tribe, a mixed remnant of which is still seated in that town, to be supported by an annual sum out of the general treasury, applicable to the purchase of books, as well as to the payment of the teacher, for such school; and in the last section of the chapter of the Revised Statutes, in which this school is created and endowed, has expressly enacted that "in the apportionment of the public money by the Commissioner of Public Schools and by the school committee of the town of Charlestown, the Indian tribe shall not be included." Rev. Stats. Ch. 142, §§ 1 and 4. The reason for this last provision obviously is, that as the gratuitous education of the children of the tribe in Charlestown is separately cared for out of the public bounty, the district schools of the town should receive no State aid for that purpose. The law, in my judgment, by informing us where alone the education of the children of the petitioners, by the State, is provided for, has informed us to what school they must go to receive it. It may be more convenient for them, as suggested by the Commissioner, that they should receive it in the school house of district No. 5; but no provision is made for it there, whilst ample provision, it is to be presumed, is made for it at the Indian school, created and endowed for the exclusive use of their tribe.
The conduct of the district, in permitting the petitioners at one period, some years since, to send their children to the district school, and, during that period, in taxing their lands within the district for the repair of the district school house and exacting of them the usual rate bills, determines nothing in respect to the right
of the petitioners to send their children to the district school. If, at that time, the petitioners chose to send, and the district to receive, their children into the district school upon those terms, it was competent for them to do so; and, at all events, can create *Page 600 
no vested right in the petitioners to continue to send their children to that school for all time thereafter.
For these reasons, I reverse the decision of the Commissioner of Public Schools, and decide, that the trustee of school district Number 5, in the town of Charlestown, in excluding, as instructed by the district, the children of the petitioners from the school of that district, violated no legal right of the petitioners or of their children.
JANUARY 15th, 1864.
 *Page 1